UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. HUMPHREY,

    Petitioner,                                   Civil No. 2:06-CV-11988
                                                        HONORABLE ARTHUR J. TARNOW
v.                                                   UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

David L. Humphrey, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for breaking and entering an occupied dwelling with intent to commit larceny, M.C.L.A. 750.110; M.S.A. 28.305; receiving and concealing stolen property over one hundred dollars, M.C.L.A. 750.535; M.S.A. 28.803; and being a fourth felony habitual offender, M.C.L.A. 769.12; M.S.A. 28.1084. Respondent has filed a motion to dismiss, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner was convicted of the above offenses in the Detroit Recorder's Court in 1991. Direct review of petitioner's conviction ended on March 31, 1995, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the

1

*Humphrey v. Wolfenbarger,* 2:06-11988

affirmance of his conviction by the Michigan Court of Appeals. *People v. Humphrey,* 448 Mich. 898; 533 N.W. 2d 315 (1995).

On September 16, 2002, petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court. [1] After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of post-conviction relief on December 27, 2005. *People v. Humphrey,* 474 Mich. 976; 707 N.W. 2d 199 (2005).  The instant petition was signed and dated April 22, 2006. [2]

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one  year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

---

[1]  In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

[2]  Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999).  Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.*  Because petitioner's habeas petition is signed and dated April 22, 2006, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

*Humphrey v. Wolfenbarger,* 2:06-11988

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on March 31, 1995. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on June 29, 1995, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway,* 166 F. Supp. 2d at 1188. Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Id.* Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition

3

*Humphrey v. Wolfenbarger,* 2:06-11988

to be timely filed. *Id.*

Petitioner filed his post-conviction motion for relief from judgment on September 16, 2002, more than five years after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). Five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F. 3d at 1008.

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus

4

*Humphrey v. Wolfenbarger,* 2:06-11988

would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

Petitioner first contends that he lacked actual or constructive notice of the one year deadline for filing habeas petitions until September of 2002. Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

Petitioner also appears to argue that the untimeliness of his petition should be excused because he is actually innocent of the crimes for which he was convicted.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific

5

*Humphrey v. Wolfenbarger,* 2:06-11988

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner, by his own admission, has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.  Instead, petitioner's primary argument is that he is actually innocent, because there was insufficient evidence to convict him of these crimes. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003).  In particular, petitioner's argument that the evidence against him was entirely circumstantial does not establish that petitioner was actually innocent so as to toll the statute of limitations. *See Jones v. Kaiser,* 8 Fed. Appx. 887, 888-89 (10th Cir. 2001).

6

*Humphrey v. Wolfenbarger,* 2:06-11988

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).


s/Arthur J. Tarnow
**Arthur J. Tarnow**
**United States District Judge**

Dated:  January 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary