**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID L. HUMPHREY,

    Petitioner,                                  Civil No. 2:06-CV-11988
                                             HONORABLE ARTHUR J. TARNOW
v.                                           UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**ORDER DENYING THE MOTION FOR A CERTIFICATE OF
APPEALABILITY AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On January 23, 2007, this Court issued an opinion and order summarily dismissing Petitioner's application for writ of habeas corpus on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has now filed a notice of appeal, which is construed as a request for a certificate of appealability.[1] For the reasons stated below, the Court will deny petitioner a certificate of appealability. The Court will, however, grant petitioner leave to appeal *in forma pauperis.*

**I. Standard of Review**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either

---

[1] *See Luberda v. Trippett,* 211 F.3d 1004, 1006 (6th Cir. 2000).

1

issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to decide the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

## II. Discussion

In the present case, for reasons stated in greater detail in the order of summary dismissal, this Court found that petitioner's application for a writ of habeas corpus was time-barred, because it had not been filed within the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The Court further found that petitioner had failed to establish any basis for tolling the limitations period.

The Court will deny petitioner a certificate of appealability, because reasonable

jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). In particular, because petitioner's actual innocence argument is insufficiently convincing, he is not entitled to a certificate of appealability on this issue. *See e.g. Whitebird v. Snider,* 28 Fed. Appx. 783, 786 (10th Cir. 2001).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a habeas petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### III. <u>ORDER</u>

IT IS ORDERED that a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated: May 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 29, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles  
Judicial Secretary
